1

2

3

4

5

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE DISTRICT OF ARIZONA

8

| | |
|---|---|
| R. Prasad Industries, a Guyanese company, | No. CV-12-8261-PCT-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Flat Irons Environmental Solutions Corporation (aka/dba "Flatirons Environmental Solutions Corporation"), an Arizona corporation; Gary Miller and Jane Doe Miller, husband and wife; Robert Carlile (aka "Robert Carillo") and Jane Doe Carlile, husband and wife, | |
| Defendants. | |

Pending before the Court is Plaintiff R. Prasad Industries' ("Prasad") Combined Rules 12(b)(1), 12(b)(6), 12(e), and 12(f) Motion to Dismiss, to Strike, and/or to Make More Definite and Certain (Doc. 64) the First Amended Answer, Counterclaims, Crossclaims, and Jury Demand ("FAACC") (Doc. 55) filed by Defendants Flat Irons Environmental Solutions Corporation, Gary Miller, Jane Doe Miller, Robert Carlile, and Jane Doe Carlile (collectively "Defendants"). Also pending is Franklin Thomas Hovore, Angela Hovore, Powers & Hovore PLLC, and Hovore Law, PLLC's (collectively "Hovore") Rules 12(b)(1) and 12(b)(6) Motion to Dismiss (Doc. 68) the FAACC. Also pending is Hovore's Rule 12(f) Motion to Strike portions of the FAACC and Motion for Sanctions pursuant to 28 U.S.C. § 1927.

1    **I.      BACKGROUND[1]**

2           Prasad brought the Complaint (Doc. 1) against Defendants alleging a breach of

3    contract (and related claims) stemming from the failed purchase of large quantities of

4    fertilizer.  More specifically, Prasad alleges that, beginning on or about August 29, 2012,

5    Prasad negotiated a contract to purchase 5,000 metric tons of urea fertilizer from

6    Defendants.  (Doc. 1 ¶¶ 17, 19).  On September 19, 2012, Prasad wired $525,000 to

7    Defendants but never received any fertilizer.  (*Id.* ¶¶ 31, 56).  On or about November 5,

8    2012, Prasad hired Hovore to pursue its legal remedies and Hovore drafted and mailed a

9    demand letter to Defendants.  (*Id.* ¶ 67).  Among other things, the demand letter opines

10   that Defendants' actions constituted a "criminal act" and states that if the $525,000 is not

11   immediately returned, Prasad and the Guyana consulate will "jointly file a criminal action

12   against [Defendants] with the Attorney General of Arizona."  (*Id.* at Ex. CC).  Defendants

13   neither responded to the demand letter nor returned the $525,000.  (*Id.* ¶ 68).  This

14   litigation commenced on December 30, 2012 when, on behalf of Prasad, Hovore filed the

15   Complaint (Doc. 1) against Defendants.

16          The Complaint included a claim under the civil portion of the Arizona

17   Racketeering statute, Ariz. Rev. Stat. Ann. § 13-2314.04 (West 2013).  On January 17,

18   2013, Prasad served a letter and a copy of the Complaint to the Arizona Attorney

19   General's office (Doc. 14; Doc. 55 at Ex. 1), pursuant to Subsection H of the Arizona

20   Racketeering statute.[2]  On January 30, Defendants filed a Motion to Dismiss (Doc. 16)

21   Prasad's Complaint, which this Court granted in part and denied in part on May 20, 2013

22   (Doc. 27).  After this Court dismissed Prasad's civil Arizona Racketeering claim without

23   prejudice, Prasad opted not to amend or supplement its original Complaint.  (*See*

24   CM/ECF Docket).

25   _____

26          [1] The facts from Defendants' counterclaims are taken as true for purposes of a
     motion under 12(b)(6).  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

27
          [2] A.R.S. § 13-2314.04(H) requires that "[a] person who files an action under this
28   section shall serve notice and one copy of the pleading on the attorney general within
     thirty days after the action is filed with the superior court."

Defendants allege that on February 14, June 11, and June 14, 2013, Hovore communicated to Defendants that Hovore had been and intended to further communicate with the Arizona Attorney General's office regarding potential criminal charges against Defendants.  (Doc. 55 at 37–38, ¶¶ 29–32).  On June 21, 2013, Defendants filed their original Answer, Counterclaims, and Jury Demand (Doc. 35) and served the pleading on Hovore with "Summons for Third-Party Defendants" (Docs. 36–40).  The Counterclaim portion of Defendants' pleading contained four counts alleging that Prasad and Hovore extorted Defendants, abused the judicial process, and intentionally inflicted emotional distress on Defendants by "threating" to notify the Arizona Attorney General of Defendants' alleged criminal actions and acting on those "threats."  (Doc. 35).  Prasad and Hovore both filed Motions to Dismiss and to Strike Defendants' original Answer and Counterclaims.  (Docs. 43–44, 48).

Defendants did not file a Response to Prasad and Hovore's motions.  However, on August 2, 2013, Defendants filed the present First Amended Answer, Counterclaims, Crossclaims, and Jury Demand ("FAACC") (Doc. 55) and served the pleading on Hovore with "Summons for Third-Party Defendants" (Docs. 57–58, 60–63).  In the counterclaims and crossclaims portion of the FAACC, Defendants added a fifth count alleging the "interstate transmission of extortionate threats" in violation of 18 U.S.C. § 875(d).  (Doc. 55 at 55).  Prasad and Hovore filed the present Rule 12(b)(1) and 12(b)(6) Motions to Dismiss, as well as Rule 12(e) and 12(f) Motions to Strike.  (Docs. 64, 68).  Hovore also filed the present Motion for Sanctions pursuant to 28 U.S.C. § 1927.  (Doc. 68).  Defendants have responded to the motions (Docs. 76–77), and Prasad and Hovore have Replied (Docs. 78, 82).  The Court now rules on these motions.

## II.    RULE 12(b)(1) MOTIONS

A party may file a motion asserting a lack of jurisdiction over the subject matter under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(1).  A court may raise the question of subject matter jurisdiction *sua sponte* at any time during the pendency of the action, even on appeal.  *United States v. Moreno-Morillo*, 334 F.3d

819, 830 (9th Cir. 2003); *see also* Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) jurisdictional attacks may be facial or factual. A facial attack inquires whether the relevant pleading contains sufficient allegations to invoke the jurisdiction of a federal court. A factual attack relies on extrinsic evidence beyond the pleadings to assert lack of jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### A.   The Nature of Counts One, Two, and Three[3]

Counts One, Two, and Three (respectively, extortion under Arizona law, extortion under California law, and abuse of process) are variously and inconsistently described in the FAACC (Doc. 55) and Defendants' Responses (Docs. 76–77) as either or both crossclaims and counterclaims. Additionally, Defendants appear to have served the FAACC on Hovore with "Summons on a Third-Party Complaint." (Docs. 57–58, 60–63). Because Defendants' pleadings must comply with the Federal Rules of Civil Procedure, the procedural method Defendants use to plead their claims may affect the Court's jurisdiction to adjudicate the claims on their merits. Consequently, the Court must determine the true nature of Defendants' claims.

First, Counts One, Two, and Three of the FAACC cannot be a Rule 14(a) Third-Party Complaint against Hovore because the Court finds that Defendants have not pleaded a Third-Party Complaint. The FAACC is not, itself, a third-party complaint[4] (*see* Doc. 55) and the Court has thoroughly examined the docket and found that Defendants

---

[3] In their Responses, Defendants have withdrawn Counts Four (intentional infliction of emotional distress) and Five (interstate transmission of extortionate threats) with respect to both Prasad and Hovore. (Doc. 76 at 13; Doc. 77 at 19).

[4] Defendants make no mention of a third-party complaint in the FAACC. (*See* Doc. 55). Instead, Defendants' explicitly labeled the FAACC only as "Defendants' First Amended Answer, Counterclaims, Cross-Claims, and Jury Demand." (*Id.* at 1). In the FAACC's opening paragraph, Defendants state that they "file this First Amended Answer, Counterclaims, Cross-Claims and Jury Demand." (*Id.* at 2). Later in the FAACC, Counts One, Two, and Three appear under a heading of "Counterclaims" and Defendants state that they "counterclaim against [Prasad] and Cross-claim against [Prasad]'s Attorneys" (Hovore). (*Id.* at 30). Additionally, in each of Counts One, Two, and Three, Defendants state the Count is a "counterclaim and cross-claim" against Hovore, but make no mention of a third-party complaint. (*Id.* ¶¶ 54, 56, 70, 72, 83, 85, 101, 103, 120).

- 4 -

have not filed any other document that could be construed as pleading a third-party complaint.[5]  Further, even if the Court could construe Counts One, Two, and Three of the FAACC as Defendants' attempt at pleading a third-party complaint under Rule 14(a), Hovore is not a proper third-party defendant.  A third-party complaint may only be served "on a nonparty who is or may be liable to [the defending party] for all or part of the claim against it."  Fed. R. Civ. P. 14(a).  Here, Defendants have made no allegations or arguments that Hovore is or could be, in any way, liable to Defendants for Prasad's claims against Defendants.  (*See* Docs. 55, 76–77).  Moreover, it would be patently ridiculous for Defendants to attempt to do so.[6]

Second, Counts One, Two, and Three of the FAACC cannot be Rule 13(g) crossclaims against Prasad or Hovore.  It is elementary that Defendants cannot plead a crossclaim against either Prasad or Hovore because neither is a coparty of Defendants in this action.  Fed. R. Civ. P. 13(g).

Third, Counts One, Two, and Three of the FAACC cannot be Rule 13(a) or (b) counterclaims against Hovore.  It is elementary that Defendants cannot plead either a compulsory or a permissive counterclaim against Hovore because Hovore is not an opposing party of Defendants in this action.  Fed. R. Civ. P. 13(a)–(b).  Prasad, however, is an opposing party—the Plaintiff—in this litigation and therefore is a proper target for a Rule 13(a) or (b) compulsory or permissive counterclaim.

Consequently, Counts One, Two, and Three of the FAACC can only be in compliance with the pleading requirements of the Federal Rules of Civil Procedure if the Court ignores Defendants' references to crossclaims and third-party claims and construes

---

[5] Defendants appear to have served the FAACC with "Summons on a Third-Party Complaint" against Hovore (*see* Docs. 57–58, 60–63), but the only docket entry even alluding to a third-party complaint is the entry for Defendants original Answer (Doc. 35). However, Defendants label that document as "Defendants' Answer, Counterclaims and Jury Demand" and make no mention of a third-party complaint within its text.  (*Id.*).

[6] Prasad hired Hovore to represent Prasad in this litigation on or about November 4, 2012—sometime *after* the facts giving rise to Prasad's causes of action occurred. (Doc. 55 at 32, ¶ 8; *see* Doc. 1 ¶¶ 12–70).  Moreover, Defendants' allegations concern Hovore's actions and statements during the prosecution of this litigation.  (Doc. 55 at 30–58).

1   the counts as Defendants' attempt to plead compulsory or permissive counterclaims

2   against Prasad (and not Hovore)[7] pursuant to Rule 13(a) or (b), respectively.  Fed. R. Civ.

3   P. 13(a)–(b).

4        The above notwithstanding, Counts One, Two, and Three of the FAACC cannot

5   be Rule 13(a) compulsory counterclaims against Prasad because the counts do not meet

6   the requirements of Rule 13(a).  A compulsory counterclaim

> must "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A).   We apply "the logical relationship test for compulsory counterclaims." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195–96 (9th Cir. 2005) (internal quotation marks omitted).   "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Id.* at 1196 (internal quotation marks omitted); *see also Moore v. N.Y. Cotton Exch.*, 270 U.S. 593 [] (1926).

*Mattel, Inc v. MGA Entertainment, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013).  The Court has reviewed Defendants' allegations related to Prasad and Hovore's prosecution of this litigation and finds that no logical relationship exists between the operative facts serving the basis of Prasad's Complaint against Defendants and Defendants' counterclaims against Prasad.  (*Compare* Doc. 1 at 4–16, ¶¶ 12–70, *with* Doc. 55 at 30–42, ¶¶ 1–51). Accordingly, Counts One, Two, and Three of the FAACC can comply with the Federal Rules of Civil Procedure only if Defendants plead the counts as Rule 13(b) permissive counterclaims.

**B.**    **Supplemental Jurisdiction of Permissive Counterclaims**

     Initially, the Court notes that Counts One, Two, and Three of the FAACC cannot be Rule 13(b) permissive counterclaims against Prasad, either, because the counts do not

---

[7] Hovore cannot be a party to any counterclaims Defendants file against Prasad unless and until Hovore is properly joined as an additional party pursuant to Rules 13(h), 19, and 20.  Fed. R. Civ. P 13(h), 19–20.  Defendants, however, have neither moved to nor explained how Hovore has been joined to any counterclaims against Prasad in compliance with Rules 13(h), 19, or 20.  (*See* Docs. 55, 76–77; *see also* CM/ECF Docket (no motion or other filing purporting to join Hovore to Defendants' counterclaims)).

1  meet the requirements of Rule 13(b).  Defendants have foreclosed that avenue by

2  arguing[8] that their counterclaims claims are compulsory and not permissive.[9]  (Doc. 77 at

3  10).  Nonetheless, even if the Court were to construe Defendants' counterclaims against

4  Prasad as pleaded as permissive under Rule 13(b), the Court will not have the

5  supplemental jurisdiction necessary to adjudicate Defendants' state-law[10] based

6  permissive counterclaims unless the counterclaims are so related to the claims in the

7  original action that they form "part of the same case or controversy under Article III of

8  the United States Constitution."  28 U.S.C. § 1367(a) (2012); *see Sparrow v. Mazda*

9  *American Credit*, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005).

10
11
12
13
14
15

> The language of § 1367 derives from the test for supplemental jurisdiction as stated in *Mine Workers v. Gibbs*, 383 U.S. 715, 725 [] (1966), in which the Supreme Court held that federal courts have supplemental jurisdiction over a state law claim where the state claim and the federal claim "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' "  *See also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164–65 [] (1997).

16

---

17  [8] Under the doctrine of judicial estoppel: "where a party assumes a certain position
18  in a legal proceeding, and succeeds in maintaining that position, he may not thereafter,
   simply because his interests have changed, assume a contrary position, especially if it be
19  to the prejudice of the party who has acquiesced in the position formerly taken by him."
   *New Hampshire v. Maine*, 532 U.S. 742, 742–43 (2001) (citing *Davis v. Wakelee*, 156
20  U.S. 680, 689 (1895)).

21  [9] With respect to Prasad, Defendants make no attempt to disambiguate the
   compulsory or permissive nature of their counterclaims in either the FAACC (Doc. 55) or
22  their Response to Prasad's Motion to Dismiss (Doc. 64).  However, in their Response to
   Hovore's Motion to Dismiss (Doc. 68), Defendants explicitly argue that their "claims
23  against the Hovore Parties are compulsory claims and not permissive claims." (Doc. 77
   at 10).  Nowhere do Defendants even attempt to explain why or how the factual basis of
24  their counterclaims can simultaneously render the claims compulsory against Hovore but
   permissive against Prasad.  (*See* Docs. 55, 76–77).  A counterclaim either factually
25  "arises out of the transaction or occurrence that is the subject matter of the opposing
   party's claim" or it does not.  *See* Fed. R. Civ. P. 13(a)–(b).

26  [10] Count One is based on Arizona extortion law and Count Two is based on
27  California extortion law.  (Doc. 55 at 42, 45).  Defendants do not articulate the legal
   source of Count Three, abuse of process.  (*Id.* at 48–51).  Defendants do, however, argue
28  that the Court's jurisdiction over Count Three is founded on diversity of citizenship (*id.*
   at 49, ¶¶ 85–86), which implies that Defendants are alleging a cause of action based on
   state, not federal, law.

1   *Sparrow*, 385 F.Supp.2d at 1067.   Here, Defendants' counterclaims of extortion and
2   abuse of process by Prasad during the prosecution of this litigation bear no logical or
3   factual relationship to Prasad's breach-of-contract related claims in the original action.
4   (*Compare* Doc. 1 at 4–16, ¶¶ 12–70, *with* Doc. 55 at 30–42, ¶¶ 1–51).   Simply put, it
5   strains the limits of credulity that Defendants, in good faith, contend that their
6   counterclaims comprise part of the same constitutional "case" as Prasad's original
7   breach-of-contract related complaint against Defendants.   Therefore, the Court finds that
8   it does not have the supplemental jurisdiction under 28 U.S.C. § 1367(a) necessary to
9   adjudicate Counts One, Two, and Three of the FAACC as permissive state-law based
10  counterclaims by Defendants against Prasad.   Accordingly, the Court must dismiss
11  Counts One, Two, and Three of the FAACC for lack of jurisdiction.

12  ## III.   RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT AND 12(f)
13  MOTION TO STRIKE DEFENDANTS' ANSWER IN THE FAACC

14      Prasad also moves that "Defendants' various denials or allegations in the Answer
15  portion of the FAACC [(Doc. 55)] . . . should be stricken or at least made more definite
16  and certain under Rules 12(f) and 12(e) because they are improper or incomplete, or
17  Defendants are judicially estopped from asserting those denials."   (Doc. 64 at 17–18).
18  Prasad also argues that Defendants' Answer in the FAACC fails to comply with the
19  requirements of Rule 8(b).   (*Id.* at 19–20).

20  ### A.   Legal Standards

21  #### 1.   Rule 12(f) Motion to Strike

22      The Court may strike "from a pleading an insufficient defense or any redundant,
23  immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f).   "[T]he function of
24  a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must
25  arise from litigating spurious issues by dispensing with those issues prior to trial"
26  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

27
28  > While a determination to strike is in the discretion of the trial
    > court, a motion to strike "should not be granted unless it is
    > clear that the matter to be stricken could have no possible
    > bearing on the subject matter of the litigation."   *Colaprico v.*

*Sun Microsystems, Inc.*, 759 F. Supp. 1335, 1339 (N.D. Cal. 1991); *see Yount v. Regent Univ., Inc.*, No. CV–08–8011–PCT–DGC, 2009 WL 995596, at *11 (D. Ariz. April 14, 2009) ("even a properly made motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted") (quoting *Int'l Longshoreman's Ass'n. v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995)).

Defendant bears the burden of persuading this Court that Plaintiff's complaint should be stricken. *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV–08–1467–PHX–ROS, 2009 WL 2382998, at *1 (D. Ariz. August 4, 2009). Defendant must show: 1) that the material is redundant, immaterial, impertinent, or scandalous or that the requested relief is unavailable; and, 2) how such material will cause prejudice. *Id.*; *see Am. Buying Ins. Servs., Inc. v. S. Kornreich & Sons, Inc.*, 944 F. Supp. 240, 249–50 (S.D.N.Y. 1996) (noting that motions to strike have frequently been denied "when no prejudice could result from the challenged allegations, even though the matter literally is within the categories set forth in Rule 12(f).") (internal quotation omitted). Any doubt regarding the redundancy, immateriality, impertinence, scandalousness or insufficiency of a pleading must be decided in favor of the non-movant. *XY Skin Care*, 2009 WL 2382998 at *1.

*Woods v. The Villas at Camelback Crossing*, No. CV–11–2284–PHX–JAT, 2012 WL 3108820, at *2–3 (D. Ariz. July 31, 2012).

### 2.    Rule 12(e) Motion for a More Definite Statement

Under Rule 12(e), a party may move for a more definite statement if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." A Rule 12(e) motion must point out the defects in the pleading and the details desired. *Id.* A motion under Rule 12(e) is designed to attack unintelligibility rather than a lack of detail. *Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 649 (D. Ariz. 1994) (citing *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984)). Such motions are not favored because "the pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim." *Id.* (quoting *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1032 (D. Ariz. 1989)).

### 3.    Rule 8(b) Denials

Pursuant to Rule 8(b), in responding to a pleading, the responding party must state "its defenses to each claim asserted against it," and "admit or deny the allegations

- 9 -

1    asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). In addition, "[a] denial

2    must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).

3    Moreover, if a party "intends in good faith to deny only a part of an allegation," Rule

4    8(b)(4) requires the party to "admit the part that is true and deny the rest." Fed. R. Civ. P.

5    8(b)(4).

6    **B.    Analysis**

7         Here, Prasad's Motion includes over three pages articulating denial-specific

8    arguments as to why the majority of the denials in Defendants' First Amended Answer

9    are improper. (Doc. 64 at 17–20). In contrast, Defendants' have failed to respond to

10   Prasad's motion with any specificity:

11               [Prasad]'s Motions fail to clearly show sufficient
12        factual support for striking portions of Defendants' pleadings
          as improper, impertinent or scandalous. First, there is not
13        [sic] indication of any "scandalous" matter. The rest of
          [Prasad]'s statements are hard to follow and fail to persuade
14        as to how and why certain portions are sufficiently improper
          or pertinent.

15               Defendants submit that if this Court find that certain
16        portions are improper or impertinent, the appropriate remedy
          is for Defendants to submit an amended pleading after Prasad
17        clearly indicates how certain portions are improper or
          impertinent.

18   (Doc. 76 at 13–14 (Defendants' Response, in its entirety)). However, the Court finds no
19
     portion of Prasad's statements "hard to follow;" Defendants' description of Prasad's
20
     Motion (Doc. 64 at 17–20) is wholly incongruous to Prasad's actual Motion. Organized
21
     into six paragraphs (*id.* at 18–19, §§ A–F), Prasad articulates clear and specific reasons
22
     why Defendants' denials of 63 of the 70 paragraphs of Prasad's Complaint are improper:
23
24        In Section A, Prasad notes (*id.* at 18, § A) that Defendants deny paragraphs one

25   and twelve of the Complaint by asserting that Defendants lack "sufficient knowledge or

26   information to form a belief" that Prasad is a citizen of Guyana (Doc. 55 at 2, 5, ¶¶ 1, 12).

27   Defendants plead ignorance despite repeatedly alleging that Prasad is a citizen of Guyana

28   in their Counterclaims (*id.* at 43, 46, 49, 52–53, ¶¶ 56, 57, 72, 73, 85, 86, 103–04).

          In Section B, Prasad notes (Doc. 64 at 18, § B) that Defendants deny part of

1    paragraph two of the Complaint by asserting that Defendants lack "sufficient knowledge
2    or information to form a belief" about the names on the letterhead Defendants used to
3    correspond with Prasad (Doc. 55 at 2–3, ¶ 2).  Defendants plead ignorance despite the
4    correspondence at issue originating from Defendants and being attached to the Complaint
5    as exhibits.  (Doc. 1 at Exs. B, D, E, J).

6         In Section C, Prasad notes (Doc. 64 at 18, § C) that in paragraphs four and six of
7    Defendants' First Amended Answer, Defendants admit that Carlile and Miller are
8    married but nonetheless assert that Defendants "lack sufficient knowledge or information
9    to form a belief" in lieu of naming the two spouses (Doc. 55 at 13–14, ¶¶ 4, 6).
10   Moreover, Defendants have brought their Counterclaims on behalf of both spouses (Doc.
11   55 at 30), which strongly indicates that Defendants, in fact, have sufficient knowledge
12   about their spouses names.

13        In Section D, Prasad notes (Doc. 64 at 18, § D) that Defendants deny much of
14   paragraph five of the Complaint by asserting that Defendants lack "sufficient knowledge
15   or information to from a belief" about the contents of Flat Irons Environmental Solutions
16   Corporation's articles of incorporation, related Arizona Corporation Commission records,
17   and Carlile's place in the organization's structure (Doc. 55 at 3–4, ¶ 5).  Such a denial is
18   clearly improper because it is unreasonable for Defendants to claim that they have neither
19   knowledge of nor the ability to readily determine the contents of their own articles of
20   incorporation, Arizona Corporate Commission records, and organizational structure.  If
21   Defendants in good-faith contest Prasad's factual allegations about such matters,
22   Defendants must respond with any relevant facts Defendants possess.  Fed. R. Civ. P.
23   8(b)(2) ("[a] denial must fairly respond to the substance of the allegation").

24        In Section E, Prasad notes (Doc. 64 at 18–19, § E) that Defendants flatly deny
25   paragraphs nine through eleven of the Complaint concerning diversity of citizenship and
26   venue (Doc. 55 at 4, ¶¶ 9–11) despite repeatedly alleging in Defendants' Counterclaims
27   that diversity of citizenship exists and venue is proper (*id.* at 42–44, 46–47, 49–50, 52–
28   53, ¶¶ 56–57, 60, 72–73, 76, 85–86, 89, 103–04, 107).

Finally, in Section F, Prasad notes (Doc. 64 at 19, § F) that Defendants deny the factual allegations in paragraphs 17 through 70 of the Complaint with an identical blanket statement: "DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph [##] and/or the allegations are vague, convoluted, and confusing and, therefore, deny the allegations of this paragraph." (Doc. 55 at 5–16, ¶¶ 17–70).  First, the factual allegations in the Complaint are not vague, convoluted, or confusing; they are written in a succinct and straightforward manner.  (*See* Doc. 1 at ¶¶ 17–70).  Second, Defendants' blanket plea of ignorance is clearly an inappropriate response to at least the numerous paragraphs in the complaint that allege written communications from Defendants to Prasad that are documented by attached exhibits.  (*See id.* at ¶¶ 21–22, 24, 26, 32–33, 36, 41–42, 44, 47, 51, 53–54, 57; *id.* at Exs. B–C, E–F, I–K, N–P, R, T, V–W, Y).  In an even more obvious contradiction, Defendants boilerplate-plead ignorance to Prasad's factual allegation that Hovore mailed Prasad a demand letter (Doc. 55 at 15, ¶ 67; *see* Doc. 1 at ¶ 67; *id.* at Ex. CC) and then allege the same demand letter and its mailing as the basis of Defendants' counterclaims (Doc. 55 at 33–35, ¶¶ 12–23).  Rule 8 certainly permits Defendants to deny factual allegations that they, in good faith, believe are not true.  Fed. R. Civ. P. 8.  However, if Defendants know that part of an allegation is true, then Rule 8 requires Defendants to "admit the part that is true and deny the rest."  Fed. R. Civ. P. 8(b)(4).  Moreover, the Court simply cannot countenance boilerplate denials such as those in the First Amended Answer, copied and pasted without discretion, as the "fair" responses "to the substance of the allegation" required by Rule 8(b)(2).  Fed. R. Civ. P. 8(b)(2).

In light of Defendants' blatant disregard of Rule 8(b)'s pleading requirements, the Court finds that Defendants' improper First Amended Answer must be stricken. However, given a strong judicial preference for resolving cases on their merits, *see Patapoff v. Vollstedt's, Inc.*, 267 F.2d 863, 865 (9th Cir. 1959), the Court will afford Defendants *one* opportunity to correct the deficiencies of their responsive pleading.[11]

_____

[11] Defendants and their counsel are reminded that denials of factual contentions

1

## IV.    CONCLUSION

2   Accordingly,

3        **IT IS ORDERED** that Prasad's and Hovore's Motions to Dismiss (Docs. 64, 68)

4   Counts One, Two, Three, Four, and Five of Defendants' First Amended Answer,

5   Counterclaims, Crossclaims, and Jury Demand (Doc. 55) are granted for the reasons

6   stated above.    Defendants' "counterclaims" against Prasad are dismissed without

7   prejudice.  Defendants' "counterclaims" against Hovore are dismissed with prejudice.

8        **IT IS FURTHER ORDERED** that Prasad's and Hovore's Rule 12(f) Motions to

9   Strike various paragraphs in Defendants' counterclaims (Doc. 55 at 30–58) are denied.

10        **IT IS FURTHER ORDERED** that Prasad's Rule 12(e) and 12(f) Motion for a

11   More Definite Statement or to Strike Defendants' Answer (Doc. 64) is granted.   The

12   Answer portion of Defendants' First Amended Answer, Counterclaims, Crossclaims, and

13   Jury Demand (Doc. 55 at 2–29) is stricken.  Defendants shall have 21 days from the date

14   of this order to file a Second Amended Answer.  If Defendants fail to timely file a Second

15   Amended Answer, Defendants will be deemed to have admitted the allegations in

16   Prasad's Complaint (Doc. 1) and Prasad may move for a Default Judgment.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27

28   constitute a certificate by the attorney or party presenting the answer to the Court that the denials are "warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."  Fed. R. Civ. P. 11(b)(4).

1    **IT IS FURTHER ORDERED** that Hovore's Motion for Sanctions pursuant to 28

2    U.S.C. § 1927 (Doc. 68) and Prasad's request for attorney's fees (Doc. 64) are denied

3    without prejudice.  Within 21 days of the date of this order, both Prasad and Hovore may

4    file separate Section 1927 motions for excess costs, expenses, and attorneys' fees

5    reasonably incurred because of Defendants' First Amended Answer, Counterclaims,

6    Crossclaims, and Jury Demand (Doc. 55).  The parties are reminded that the Court must

7    make certain factual findings in order to award Section 1927 sanctions.  Therefore, for

8    the ease of the court, any such motions should follow the format described in Local Rule

9    of Civil Procedure 54.2.

10

11    Dated this 17th day of December, 2013.

12

13

14    _____

15    James A. Teilborg
      Senior United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28