WO
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R. Prasad Industries,<br><br>        Plaintiff,<br><br>v.<br><br>Flat Irons Environmental Solutions Corporation, et al.,<br><br>        Defendants. | No. CV-12-08261-PCT-JAT<br><br>**ORDER** |

Before the Court are third parties Michela Di Carlo and MPP Consulting's (collectively, "Ms. Di Carlo") Motion to Re-Open Time to File an Appeal, (Doc. 135), and Plaintiff's Amended Motion to Compel Union Bank of California's Compliance with Subpoena, (Doc. 134). The Court now rules on the motions.

**I.      Background**

On March 7, 2014, Plaintiff issued a Rule 45 subpoena duces tecum to Union Bank of California, commanding the bank to produce "signature cards, corporate board authorization minutes or partnership resolutions or articles of organization for the entity/dba MPP Consulting . . . [and] copies of any and all incoming/outgoing wires, cancelled checks, deposits and withdrawals for 2012–13." (Doc. 102 at 9). On March 26, 2014, Ms. Di Carlo moved to quash the subpoena. (Doc. 102). On June 20, 2014, this Court denied Ms. Di Carlo's motion to quash, limiting the scope of the subpoena and allowing Plaintiff seven days to serve the subpoena on UBOC. (Doc. 117). On August 28,

2014, Ms. Di Carlo filed a document entitled "Intent to File an Appeal Regarding the Denial of the Motion to Quash," which was dated August 26, 2014. (Doc. 127).

On September 2, 2014, Union Bank notified Plaintiff's counsel that the bank would not process the subpoena until they receive an order from the court precluding Mrs. Di Carlo's right to an appeal. (Doc. 131, Ex. 1). Plaintiff then filed its Motion to Compel Union Bank of California's Compliance with Subpoena on September 30, 2014. (Doc. 131).

Upon a review of the record on October 3, 2014, the Court realized that a copy of the Order denying the motion to quash was never mailed to Ms. Di Carlo. (Doc. 132). Accordingly, the Court ordered the Clerk of the Court to immediately mail a copy of the Order to Ms. Di Carlo. (*Id.*). The Court also noticed that Plaintiff's certificate of service in its motion to compel did not list Ms. Di Carlo, and the Court therefore ordered Plaintiff to file an amended certificate of service listing exactly who was served with the motion to compel and at what address. (Doc. 133). Plaintiff filed its Amended Motion to Compel Union Bank of California Subpoena that same day (October 3, 2014), certifying that a copy of the motion was mailed to Ms. Di Carlo. (Doc. 134). On October 17, 2014, Ms. Di Carlo moved to re-open the time to appeal the Order denying her motion to quash. (Doc. 135).

**II.   Discussion**

Plaintiff's motion to compel essentially is a request for this Court to find that Ms. Di Carlo's time to appeal has expired and to renew the Order denying the motion to quash. Ms. Di Carlo's motion to re-open argues that she should be given more time to file an appeal because she "was served Plaintiff's Amended Motion to Compel Union Bank of California's Compliance With Subpoena on Monday, October 6, 2014." (Doc. 135). Both motions turn on whether Ms. Di Carlo is entitled to appeal the Order denying Ms. Di Carlo's motion to quash.[1]

---

[1] Although the parties did not address the issue, the Court notes that the denial of a motion to quash a subpoena directed at a third party is immediately appealable. *In re Grand Jury Proceedings*, 45 F.3d 343, 346 (9th Cir. 1995) (citing *In re Grand Jury*

Federal Rule of Appellate Procedure 4 prescribes the deadlines district courts must follow when certifying notices of appeal. Rule 4(a)(1)(A) initially requires that a notice of appeal "be filed with the district clerk within 30 days after entry of the judgment or order appealed from." It does not appear to be disputed that Ms. Di Carlo is yet to file a notice of appeal,[2] so her thirty days from the June 20, 2014 Order expired on July 20, 2014.

Rule 4 also allows the district court to extend the time for filing the notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Ms. Di Carlo never moved for an extension of time to file a notice of appeal, and the deadline to do so expired on August 19, 2014.

Finally, the district court may re-open the time to file an appeal for a period of 14 days only if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

There is little evidence as to when Ms. Di Carlo received notice of this Court's

---

*Proceedings Dated Dec. 10, 1987*, 926 F.2d 847, 853 (9th Cir.1991)).

[2] Ms. Di Carlo's filing entitled "Michela Di Carlo and MPP Consulting's Intent to File an Appeal Regarding the Denial of the Motion to Quash," (Doc. 127), is not a notice of appeal. By its own terms, that filing put the Court on notice of Ms. Di Carlo's "*intent* to file an appeal." (*Id.*). Ms. Di Carlo's later filing of a motion to re-open time to file an appeal further demonstrates that she has not yet filed an appeal, let alone a notice of appeal. The Court therefore declines to construe Ms. Di Carlo's notice of intent to file an appeal as a notice of appeal.

June 20, 2014 Order denying the motion to quash. The record indicates that Ms. Di Carlo was not mailed a copy of the Order until as late as October 3, 2014. On August 28, 2014, however, the Court received from Ms. Di Carlo a notice of her intent to file an appeal of the Order. That notice was dated August 26, 2014. Thus, at the latest, Ms. Di Carlo actually received notice of the Court's June 20 Order on August 26, 2014.[3] However, Ms. Di Carlo did not file her motion to re-open until October 17, 2014, 52 days after she received notice of the Order. Therefore, even if Ms. Di Carlo did not receive notice of the Order within 21 days after entry, Fed. R. App. P. 4(a)(6)(A), she did not file her motion to re-open within 14 days after receiving notice of the Order. Fed. R. App. P. 4(a)(6)(B). Ms. Di Carlo's motion to re-open is therefore untimely and must be denied.

**III.    Conclusion**

Accordingly,

**IT IS ORDERED** that Michela Di Carlo and MPP Consulting's Motion to Re-Open Time to File an Appeal, (Doc. 135), is **DENIED**. Ms. Di Carlo and MPP Consulting are barred from appealing from this Court's Order denying her motion to quash the subpoena Plaintiff issued to Union Bank of California.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion to Compel Union Bank of California's Compliance with Subpoena, (Doc. 134), is **GRANTED**.

**IT IS FURTHER ORDERED** that Union Bank of California shall comply with the subpoena issued by Plaintiff on March 7, 2014.

Dated this 9th day of December, 2014.

James A. Teilborg
Senior United States District Judge

---

[3] To the extent Ms. Di Carlo argues that she did not receive any notice of the Order denying her motion to quash until she received Plaintiff's motion to compel, the Court rejects that argument. Ms. Di Carlo's own filing notifying the Court of her intention to appeal the Order clearly shows that she received actual notice of the Order on August 26, 2014 at the latest.